CLOPTON v. JOLLY & TERRY. (No. 5518.)

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1915. Rehearing Denied Dec. 22, 1915.)

1. ATTACHMENT ☞312—CLAIM SUIT—FINDINGS—SUFFICIENCY TO SUPPORT JUDGMENT.

On the trial of a claim to attached property it appeared that the claimant had acquired a valid mortgage on the property, and that the attachment debtor had also executed and delivered to him an instrument in the form of a bill of sale, and that plaintiff had notice of the mortgage and bill of sale before suing out the writ of attachment. The evidence showed without dispute that the attachment debtor was in the physical possession of the property when the attachment was sued out and levied, but made an issue as to whether he was holding possession in his own right or as agent for the claimant. The trial court made no finding on this issue but found that at the time the attachment was sued out and levied the attachment debtor was in the actual possession of the property, and the claimant was not in possession nor entitled to possession. Held that these findings did not support a judgment against the claimant, as the finding that the claimant was not entitled to possession was not a finding of fact but a conclusion of law, and the other findings, even if true, did not show that the attachment debtor's possession was not as agent for the claimant, in which event the claimant was entitled to judgment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1117–1119; Dec. Dig. ☞312.]

2. FRAUDULENT CONVEYANCES ☞208—RIGHTS OF CREDITORS—DELIVERING POSSESSION TO MORTGAGEE TO DEFRAUD CREDITORS.

When a prior mortgagee of chattels is placed in possession of the mortgaged property by the mortgagor subsequent creditors have no right to interfere with such possession until the prior mortgage is satisfied, even though the property was delivered to the mortgagee for the purpose of putting it beyond the reach of other creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. ☞208.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Action by Jolly & Terry against J. K. Miller, in which A. M. Clopton made claim to certain attached property. From a judgment against the claimant, he appeals. Reversed and remanded.

Page & Jones, of Bastrop, and Ellis & Graves, of Lockhart, for appellant. E. B. Coopwood and J. B. Hatchitt, both of Lockhart, for appellee.

KEY, C. J. Jolly & Terry brought suit in the county court upon open account against one J. K. Miller, and caused an attachment to be issued and levied upon two mules; whereupon A. M. Clopton filed with the officer who executed the writ of attachment a claimant's oath and bond, and thereby obtained possession of the animals referred to. The sheriff, as required by law, returned the oath and bond to the district court where, in a trial of the rights of property, judgment was rendered against Clopton and the sureties upon his replevy bond, and he has appealed.

[1, 2] In their pleading making up the issues, appellees alleged that at the time of filing his claimant's oath and bond appellant had no right, title, or interest to the property nor any right to the possession thereof. In his answer appellant denied those allegations and alleged that at the time referred to he had title to the property and had possession and the right of possession thereof. His answer also contained other averments specifically pleading some, if not all, of the facts hereinafter referred to. Upon that issue it was shown that prior to the bringing of appellees' suit against J. K. Miller appellant had acquired from the Merchants' & Farmers' State Bank of Elgin a valid mortgage executed by J. K. Miller upon the property here in controversy, and that Miller had also executed and delivered to appellant an instrument of writing in the form of a bill of sale, conveying the property to appellant, and that appellees had notice of the existence of such mortgage and bill of sale before they sued out their writ of attachment. The trial court filed findings of fact, and, among other things, found that J. K. Miller was in actual possession of the property at the time the attachment was sued out and levied and that appellant was not in possession of it, nor entitled to such possession. The latter finding is not a finding of fact but a conclusion of law, and, as to the former finding, while it is true that the undisputed proof showed that at the time referred to Miller was in physical possession of the property, the testimony raised the issue as to whether he was holding possession in his own right or as agent for Clopton, and the trial court made no finding upon that issue. As developed by the testimony, that was the controlling question of fact, a decision of which was necessary to the rendition of a proper judgment. In other words, if it be conceded that the bill of sale under which appellant claims the property was intended by the parties to operate as a mortgage only, or was executed for the purpose of defrauding creditors, still, as the undisputed proof shows that appellee was a mortgagee, holding under the mortgage assigned to him by the bank, and as the undisputed proof shows that appellees had notice of the existence of that mortgage, then if, by agreement between appellant and Miller, the latter was holding possession of the property as agent for the former, such holding was, in law, the possession of appellant, and the property was not subject to seizure under the writ of attachment against Miller. In other words, when a prior mortgagee is placed by the mortgagor in possession of the mortgaged property, subsequent creditors have no right to interfere with such possession until the prior mortgage has been satisfied, although the property may have been so placed for the purpose of putting it beyond the reach of other creditors.

In the case at bar all the facts (but not all the legal conclusions) found by the trial court may be true, and yet Miller's possession of the property may have been held as agent for appellant, in which event judgment should have been rendered for the latter. Hence we hold that the trial court erred in rendering judgment for appellees upon the facts found by that court, and reverse and remand the case in order that the controlling question heretofore referred to may be passed upon.

Reversed and remanded.